IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARLON KHAN FOX )
)
v. ) NO. 3:08-0469
)
CORRECTIONS CORPORATION OF )
AMERICA, et al. )

To: Honorable Todd J. Campbell, Chief Judge

# REPORT AND RECOMMENDATION

By Order entered May 9, 2008 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Defendants' motion for summary judgment (Docket Entry No. 20), to which the Plaintiff responded with his own motion for summary judgment (Docket Entry Nos. 28-30). Also before the Court are the Defendants' reply (Docket Entry No. 37) and the Plaintiff's reply (Docket Entry No. 41).

For the reasons set out below, the Court recommends that the Defendants' motion be granted, the Plaintiff's motion be denied, and this action be dismissed.

# I. BACKGROUND

The Plaintiff filed this action pro se and in forma pauperis on April 25, 2008, based upon events which occurred while he was an inmate at the Metro-Davidson County Detention Facility ("MDCDF") during the period of February to April of 2008. He asserts a single claim under 42 U.S.C. § 1983 and seeks compensatory damages and injunctive relief. There are two named defendants: Dennis Smith, the Chaplain at MDCDF ("Chaplain Smith"), and Corrections Corporation of America, Inc. ("CCA"), a private company which operates and administers the MDCDF.

The Plaintiff asserts that he is a Sunni Muslim, and that one of the important religious tenets of his faith is that can eat only "Halal" meat,[1] i.e., meats that are religiously blessed. In order to comply with this tenet, he asserts that he has maintained a vegetarian diet and avoided eating any meat for 17 years.

The Plaintiff alleges that he was sent to the MDCDF on February 22, 2008, and requested a vegetarian diet when he was seen by the medical department staff. He contends that the medical department staff told him that it was not a medical issue and that he needed to get the diet approved by Chaplain Smith. The plaintiff alleges that Chaplain Smith thereafter refused to approve the diet and contended that having a vegetarian diet was not a religious requirement of the Muslim faith. The plaintiff asserts that he filed all the required paperwork and also pursued the grievance process but that he is still being refused a vegetarian diet. He alleges that he is "not getting my proper protein and vitamins which I need for not eating meat." See Complaint, at 6.

---

[1] The Plaintiff also spells Halal as "Hal'io" and "Ha'la."

## II. MOTION FOR SUMMARY JUDGMENT

In lieu of an answer, the Defendants have filed the pending motion for summary judgment. The Defendants contend that the Plaintiff failed to exhaust his available administrative remedies at the MDCDF prior to filing the instant action as required by 42 U.S.C. § 1997e(a). The Defendants acknowledge that the Plaintiff pursued two informal resolutions[2] and then filed a formal written grievance, but assert that he filed the instant lawsuit prior to resolution of his administrative appeal from the denial of the written grievance. See Defendants' Memorandum in Support (Docket Entry No. 21), at 3-4. The Defendants assert that the MDCDF Warden ruled on the grievance appeal on May 15, 2008, and granted the Plaintiff's request for a vegetarian diet. Id. The Defendants also argue that the Plaintiff fails to allege facts which would support a constitutional claim directly against CCA and that the Plaintiff is not entitled to the affirmative injunctive relief he seeks in his complaint.

In response, the Plaintiff has filed his own motion for summary judgment, which the Court construes as his response to the Defendants' motion. The Plaintiff argues that he actually pursued four, not two, informal grievances at the MDCDF and that Chaplain Smith failed to respond to two of the informal grievances. The plaintiff contends that the prison officials' failure to follow their own grievance policies should bar them from asserting that he failed to exhaust his administrative remedies. He also disputes the correctness of some of the factual statements made by prison officials in the informal resolution process. The Plaintiff also contends that he has alleges sufficient facts to support a claim against CCA.

---

[2] The forms used for the informal grievances are captioned "Informal Resolution." See e.g., Docket Entry No. 23-1, at 1-4.

3

## III. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Logan v. Denny's, Inc., 259 F.3d 558, 566 (6th Cir. 2001).

In determining whether the moving party has met its burden, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 80 L.Ed.2d 538 (1986); McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'" Little Caesar Enters., Inc. v. OPPCO, LLC, 219 F.3d 547, 551 (6th Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed. 2d 201 (1986)).

If the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which he has the burden, however, the moving party is entitled to summary judgment as a matter of law. See Williams v. Ford Motor Co., 187 F.3d 533, 537-38 (6th Cir. 1999). To preclude summary judgment, the nonmoving party "must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002). "The mere existence of a scintilla of evidence in support

4

Case 3:08-cv-00469  Document 43  Filed 11/13/08  Page 4 of 9 PageID #: 223

of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Shah v. Racetrac Petroleum Co., 338 F.3d 557, 566 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252). If the evidence offered by the nonmoving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. Anderson, 477 U.S. at 249-52. "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." Hill v. White, 190 F.3d 427, 430 (6th Cir. 1999) (citing Anderson, 477 U.S. at 247-49).

## IV. CONCLUSIONS

A. Exhaustion

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, states that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A prisoner is required to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of Section 1997e(a) is mandatory, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the . . . remedy sought is not an available remedy in the administrative process." Wyatt v. Leonard, 193 F.3d 876, 877-78 (6th Cir. 1999).

5

Once the affirmative defense of failure to exhaust is raised by the Defendants, the Plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. To establish that he has exhausted his administrative remedies, the Plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003). A prisoner may not abandon the process before completion and then claim that he exhausted his remedies or that it is now futile for him to do so. See Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999) (citing Wright v. Morris, 111 F.3d 414, 417 n.3 (6th Cir.), cert. denied, 522 U.S. 906, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997)).

The instant action should be dismissed because the Plaintiff failed to exhaust his available administrative remedies prior to filing his Complaint. It is undisputed that, in early April 2008, the Plaintiff filed a written grievance about his request for a vegetarian diet, and that this grievance was not ruled on at the initial stage until April 22, 2008. See Affidavit of Tracie Mathews (Docket Entry No. 23), Exhibit A (Docket Entry No. 23-1), at 5-6. Although the Complaint in this action bears a file-stamp date of April 25, 2008, the Complaint bears a signature date of April 16, 2008, see Docket Entry No. 1, the application to proceed in forma pauperis was signed by the prison custodian on April 18, 2008, see Docket Entry No. 2, and the mailing envelope of the Complaint and application bears a postmark of April 23, 2008. Although it is not known for certain when the Plaintiff submitted this envelope to prison officials for mailing to the Court, it is quite likely that the Complaint was submitted for mailing prior to a ruling on the written grievance.

Regardless, it is undisputed that the Complaint was filed prior to resolution of the Plaintiff's appeal of the written grievance. The MDCDF Warden did not rule on the appeal until May 15, 2008, approximately one month after the Plaintiff mailed his Complaint to the Court. Id. Thus, it

6

is clear that the instant action was brought by the Plaintiff prior to the resolution and exhaustion of his available administrative remedies at the MDCDF. As such, the action warrants dismissal without prejudice under 42 U.S.C. § 1997e(a). It is well-settled that a prisoner cannot exhaust his administrative remedies during the pendency of the action he files. Harvin-Bey v. Rutter, 420 F.3d 571, 580 (6th Cir. 2005); Freeman v. Francis, 196 F.3d 645 (6th Cir. 1999).

The Plaintiff's arguments that he filed two more informal grievances than the Defendants acknowledge and that Chaplain Smith or other prison officials failed to strictly follow prison policies regarding the informal grievances, even if true, are irrelevant in light of the fact that the Plaintiff failed to permit the prison grievance system to run its full course. Harvin-Bey and Freeman both require that the Plaintiff have pursued his grievance appeal to its final resolution prior to bringing his civil rights complaint.

The Plaintiff offers no legal support for his argument that the failure of prison officials to follow their own grievance policies bars them from asserting the defense of failure to exhaust under Section 1997e(a). Although the Plaintiff cites to "Bolton v. U.S., 347, 2d 80 (D. Mass. 2005)" in support of his argument, see Docket Entry No. 29, at 2, this citation appears to be incorrect. To the extent, however, that the Plaintiff intends to refer to Bolton v. U.S., 347 F.Supp.2d 1218 (N.D. Fla. 2004), this case does not support his argument either that his attempts at informal resolution were sufficient to satisfy the exhaustion requirement or that prison officials were barred from raising the defense of failure to exhaust. In Bolton, the court found that the prison inmate had satisfied the exhaustion requirement by attempting "informal resolutions" through oral complaints and was not required to pursue a written grievance. The case is readily distinguishable because the prisoner's oral complaints resulted in a satisfactory resolution to her complaint and there was no need to pursue

7

a written grievance of a matter that had been resolved informally. Further, Bolton did not address the waiver issues raised by the Plaintiff.

To the extent that the Plaintiff's response can be read to assert that his failure to exhaust should be excused because of the delays he experienced in the informal resolution process or because of the delay he experienced in receiving a final response to his written grievance, his argument is unpersuasive. There is no futility exception to the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Even though the Plaintiff may have believed that pursuing a written grievance was futile or that waiting for his written grievance to be resolved was futile because Chaplain Smith and other prison officials has already shown that they disagreed with his position on the vegetarian diet request, he was still obligated to pursue and fully exhaust such a grievance. See Boyd v. Corrections Corp. of America, 380 F.3d 989, 998 (6th Cir. 2004) (prisoner's failure to file grievance was not excused by his subjective belief that prison officials would not respond to his grievance); Hartsfield, 199 F.3d at 309 ("We have previously held that an inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations.").

B. The Defendants' Other Grounds for Summary Judgment

Because the Plaintiff's failure to comply with the exhaustion requirement of 42 U.S.C. § 1997e(a) requires dismissal of his Section 1983 claim, the Court shall not address Defendants' other arguments for dismissal of his claim.

8

Case 3:08-cv-00469    Document 43    Filed 11/13/08    Page 8 of 9 PageID #: 227

# R E C O M M E N D A T I O N

Based on the foregoing, the Court respectfully RECOMMENDS that Defendants' motion for summary judgment (Docket Entry No. 20) be GRANTED, the Plaintiff's motion for summary judgment (Docket Entry No. 28) be DENIED, and this action be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge